IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANNA DUFFY, | |
| Plaintiff, | |
| | CIVIL NO. _____ |
| v. | |
| HAVOC LIVE, LLC d/b/a 160OVER90, | **JURY TRIAL REQUESTED** |
| Defendant. | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Anna Duffy ("Plaintiff" or "Ms. Duffy") files the following Complaint for Equitable Relief and Damages against Defendant Havoc Live, LLC d/b/a 160over90 ("Defendant" or "Havoc Live").

## Introduction

1.

This action is brought pursuant to the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADA"), 42 U.S.C. §

12101, *et seq.*, the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §

2601 *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e *et seq.* ("Title VII").

2.

This is an action for intentional and willful discrimination, retaliation and

interference under the ADA, the FMLA, and Title VII. Defendant discriminated

against Ms. Duffy based on her pregnancy and her disability (a high-risk pregnancy)

by terminating her employment after she notified Defendant of her pregnancy, its

high-risk status, her need for time off to attend appointments related to her high-risk

pregnancy, and her intent to seek FMLA leave.  Defendant also retaliated against

Ms. Duffy for engaging in protected activity under each of these laws.  Ms. Duffy

seeks equitable and injunctive relief, compensatory and punitive damages, attorney's

fees and costs against Defendant.

**Jurisdiction and Venue**

3.

Ms. Duffy's ADA, FMLA, and Title VII claims present federal questions over

which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and 42

U.S.C. § 12101.

2

4.

This Court is an appropriate venue for all of Ms. Duffy's claims as the judicial district in which the unlawful employment practices were committed and in which Ms. Duffy would have worked but for Defendant's unlawful employment practices, pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5(f)(3).  It is also a proper venue as the judicial district in which the Defendant resides and where a substantial part of the acts or omissions giving rise to the Plaintiff's claims occurred, pursuant to 28 U.S.C. § 1391.

## The Parties

5.

Ms. Duffy is a citizen of the United States and a resident of Fulton County, State of Georgia. Ms. Duffy submits herself to the jurisdiction of this Court.

6.

Ms. Duffy is a former employee of Defendant at its Atlanta, Georgia location.

7.

Ms. Duffy was, at all times relevant hereto, an employee of Defendant within the meaning of the ADA, FMLA, and Title VII.

8.

Ms. Duffy was, at all times relevant hereto, a qualified individual with a disability as that term is defined by 42 U.S.C. § 12012(1).

9.

Ms. Duffy was, at all times relevant hereto, a person with a disability inasmuch as she was diagnosed with a high risk pregnancy, a physical condition that substantially limited one or more major life activities.

10.

Ms. Duffy was, at all times relevant hereto, an eligible employee within the meaning of the FMLA because she had been employed by Defendant for at least 12 months and had worked more than 1,250 hours during the previous 12-month period.

11.

Defendant is a corporation organized under the laws of the State of Missouri with its principal place of business in New York, New York. Defendant is registered to do business in Georgia as a foreign corporation and transacts ongoing business operations in Georgia at its location in Atlanta, Georgia.

12.

Defendant operates in Georgia as "160over90" and employed more than 50 employees at its Georgia office during the relevant time period.

13.

Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) because Havoc Live is an employer engaged in an industry affecting commerce and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

14.

Defendant is an "employer" within the meaning of 29 U.S.C. § 2611(4)(A) because Havoc Live is engaged in commerce and has employed more than 50 persons at or within a 75-mile radius of the location at which Ms. Duffy worked, for each working day in each of 20 or more calendar weeks during the relevant time frame.

15.

Defendant was Ms. Duffy's employer during all times relevant to the claims asserted in this lawsuit.

16.

Defendant may be served with process through its Georgia registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

## Administrative Proceedings

### 17.

Ms. Duffy filed a charge of discrimination with the EEOC on October 18, 2020, within 180 days of the occurrence of the events of which she complains.

### 18.

Ms. Duffy received a Notice of Right to Sue from the EEOC within the 90 days prior to the filing of this Complaint and has complied with all other conditions precedent to this lawsuit.

## The Facts

### Ms. Duffy's Employment With Defendant

### 19.

Ms. Duffy began her employment with Havoc Live on March 5, 2018 as its first Director of Creative Services.

### 20.

As the Director of Creative Services, Ms. Duffy's primary job duties included aiding in all aspects of creative operations for Defendant, including, but not limited to, resource allocation and staffing. Ms. Duffy also served as the point person for the Atlanta office to help develop and implement a new time-tracking and project management system.

6

21.

Throughout her employment, Ms. Duffy reported to her direct Atlanta-based supervisor Whitney Patel. At one point, McKenzie Muscat, the Vice President of Creative Operations, who is based in New York, was named as Ms. Duffy's manager. Ms. Duffy had daily interactions with Ms. Patel but had limited interactions with Ms. Muscat.

22.

Ms. Duffy received positive performance evaluations that exceeded expectations and was frequently acknowledged to be highly regarded for her contributions to the company's success.

Ms. Duffy's Pregnancy and FMLA Leave

23.

Ms. Duffy notified Havoc Live of her pregnancy on or around January 21, 2020.

24.

During this same time, Ms. Duffy discussed with Ms. Patel, Ms. Muscat, and the Human Resources department ("HR") her intention to take 12 weeks of FMLA leave for the birth of her child, beginning around the time of her June 2020 due date. Ms. Duffy intentionally notified Defendant of her intended leave six months in

advance in order to give the company ample time to plan and make necessary arrangements during her temporary absence.

25.

After notifying Defendant of her pregnancy and need for leave, Ms. Duffy learned from her doctor that her pregnancy was considered "high-risk" and could involve complications, including the need for bed rest, and that she therefore might need to take leave from work prior to her expected due date.

26.

Ms. Duffy notified Ms. Patel and Ms. Muscat of her diagnosis and her potential need for leave prior to her expected due date.

27.

Over the next several weeks, in addition to her appointments with her obstetrician, Ms. Duffy was required to attend appointments with several specialists, including a cardiologist and a perinatal specialist, and had to attend three half-day glucose test appointments. When she could not be in the office due to her medical appointments, and due to the demands of her job, Ms. Duffy frequently worked remotely from her doctors' offices and continued to effectively handle her job duties on a day-by-day basis.

28.

The potential for complications arising from Ms. Duffy's high-risk pregnancy diagnosis constitutes a serious health condition under the FMLA.

29.

Ms. Duffy's high-risk pregnancy was a physical condition that substantially limited one or more major life activities, including lifting, walking, driving, sitting, and working, among other things, and therefore constitutes a disability under the ADA.

<u>Ms. Duffy's Termination Less Than a Month Before Her Due Date</u>

30.

On April 13, 2020, Ms. Duffy received notice from Havoc Live that some employees would be selected for furloughs and reductions, and that all decisions had been "thoroughly evaluated." However, Ms. Duffy was informed at that time that she would be retained.

31.

Ms. Muscat later informed Ms. Duffy that the furlough and reduction selections were based on individual performance ratings. Since Ms. Duffy consistently received top performance ratings, including a recent review conducted

by Ms. Patel and approved by Ms. Muscat, Ms. Duffy was further assured that Defendant would not select her for the reduction.

32.

All other employees from the Atlanta office who were selected for termination in the April 2020 reduction in force had clear performance or employment issues; specifically, two were on performance improvement plans, one had recently received a below-satisfactory performance review, and one had multiple HR issues.

33.

Nevertheless, Defendant notified Ms. Duffy without warning on April 21, 2020 that her employment was terminated effective April 30, 2020.  The stated reason for her termination was the business and economic impact of COVID-19.

<u>Ms. Duffy's EEOC Charge</u>

34.

Ms. Duffy filed an EEOC Charge on October 18, 2020.

35.

Ms. Duffy's EEOC Charge set forth claims of disability discrimination, sex discrimination based on pregnancy, and retaliation.

36.

At Ms. Duffy's request, the EEOC terminated its investigation and issued a

Notice of Right to Sue on June 13, 2022.

37.

This Complaint is filed less than 90 days after Ms. Duffy's receipt of the

EEOC's Notice of Right to Sue.

## COUNT I
## DISABILITY DISCRIMINATION/FAILURE TO
## ACCOMMODATE/RETALIATION IN VIOLATION OF THE ADA

38.

Plaintiff incorporates by reference all of the preceding paragraphs of the

Complaint.

39.

Ms. Duffy's medical condition constituted a disability under the ADA.

40.

At all times relevant to this Complaint, Ms. Duffy suffered from a medical

condition that substantially limited one or more major life activities.

41.

Throughout all relevant time periods, Ms. Duffy was qualified for her position

with Defendant and could perform the essential functions of her position with

reasonable accommodations, including but not limited to a temporary leave of absence.

42.

Ms. Duffy engaged in protected activity under the ADA by requesting leave as a reasonable accommodation for her disability.

43.

After notifying Defendant of her disability, Defendant failed to engage in the interactive process and discuss reasonable accommodations, including a temporary leave of absence from work, that would allow Ms. Duffy to continue her employment.

44.

Defendant's decision to terminate Ms. Duffy was based on her disability.

45.

Defendant failed to accommodate Ms. Duffy's disability and, rather, terminated her employment even though her requested accommodation would not have posed an undue burden on Defendant.

46.

Defendant discriminated against Ms. Duffy because of her disability by terminating her employment and failing to engage in discussions about accommodating her medical restrictions.

47.

Defendant terminated Ms. Duffy's employment in retaliation for Ms. Duffy notifying Defendant of her disability.

48.

Defendant acted with reckless disregard for Ms. Duffy's rights under federal law.

49.

Defendant's discriminatory actions violated the ADA.

50.

As a direct and proximate result of Defendant's unlawful and discriminatory employment practices, Ms. Duffy has suffered and continues to suffer lost earnings and benefits including medical insurance, emotional distress, inconvenience, humiliation, and other indignities compensable under the ADA, for which Havoc Live is liable.

51.

Defendant acted maliciously, willfully, wantonly, oppressively, or recklessly, toward Ms. Duffy, authorizing a punitive damages award against Havoc Live.

**COUNT II**
**DISCRIMINATION/RETALIATION IN VIOLATION OF THE FMLA**

52.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

53.

Ms. Duffy engaged in protected activity under the FMLA by requesting twelve weeks of FMLA-approved leave to recover from her the birth of her child and then requesting time off related to her high risk pregnancy..

54.

In response to Ms. Duffy and the prospect of providing FMLA leave required in the future, Defendant terminated Ms. Duffy.

55.

Defendant's discharge of Ms. Duffy weeks before her intended FMLA leave evidences a causal connection between her request for leave and her discharge.

56.

Defendant's termination of Ms. Duffy's employment constitutes unlawful and willful discrimination/retaliation under the FMLA.

57.

As a result of Defendant's wrongful and retaliatory actions, carried out with malice or reckless indifference, Ms. Duffy has sustained significant damages in the form of lost wages, lost benefits and other economic damages.  Accordingly, Ms. Duffy is entitled to the relief set forth in the Prayer for relief below, which is incorporated herein in its entirety.

## COUNT III
## DISCRIMINATION/RETALIATION BASED ON PREGNANCY IN VIOLATION OF TITLE VII AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT

58.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

59.

Plaintiff is a member of a protected class as a woman.

60.

Plaintiff was qualified for the position and was pregnant with a high-risk pregnancy when Defendant terminated her employment.

61.

Defendant marginalized Ms. Duffy while treating non-pregnant similarly situated employees more favorably.

62.

As a direct and proximate result of Defendant's unlawful and discriminatory employment practices, Ms. Duffy has suffered and continues to suffer lost earnings and benefits including medical insurance, emotional distress, inconvenience, humiliation, and other indignities compensable under Title VII, for which Havoc Live is liable.

63.

Defendant acted maliciously, willfully, wantonly, oppressively, or recklessly, toward Ms. Duffy, authorizing a punitive damages award against Havoc Live.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

a) A declaratory judgment that Defendant has violated the ADA, 42 U.S.C. § 12101 *et seq.*, the FMLA, 29 U.S.C. § 2601, *et seq.* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

16

b) A permanent injunction, prohibiting Defendant from engaging in unlawful employment practices in violation of the ADA, FMLA and Title VII;

c) Full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

d) Reinstatement to Plaintiff's former position with Defendant with the same pay or, in the alternative, front pay to compensate Plaintiff for lost future wages, benefits, and pension;

e) Compensatory damages in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

f) Punitive damages against Defendant;

g) Liquidated damages against Defendant;

h) Attorney's fees and costs; and

i) All other and further relief as this Court deems just and proper.

Respectfully submitted this 12th day of September, 2022.

*/s/ John T. Stembridge*
John T. Stembridge
Georgia Bar No. 678605
Lisa D. Taylor
Georgia Bar No. 235529
**Stembridge Taylor, LLC**
2951 Piedmont Road, Suite 200
Atlanta, Georgia 30305
Telephone: (404) 604-2691
john@stembridgetaylor.com
lisa@stembridgetaylor.com

Attorneys for Plaintiff